Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number

**Aron Stark**
**Aron Stark, Attorney at Law**
**444 West Ocean Blvd.**
**Suite 800**
**Long Beach, CA 90802**
**562-495-7906 Fax: 562-495-7907**
California State Bar Number: **231840**

☐ *Individual appearing without counsel*

☒ *Attorney for: Debtor*

FOR COURT USE ONLY

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

**Christopher Joshua Sideris**
**Christy Gloria Clemens**

Debtor(s).

CHAPTER: **13**
CASE NO. **8:09-bk-12856**

**SECTION 341(a) MEETING OF CREDITORS:**
DATE: May 14, 2009
TIME: 2:00PM
HEARING ROOM: 1-154

**CONFIRMATION HEARING:**
DATE: June 10, 2009
TIME: 1:30PM
PLACE: Courtroom 5D

**DEADLINE FOR OBJECTIONS TO PLAN:** May 6, 2009*
(*8 days before the Section 341(a) meeting)

## NOTICE OF SECTION 341(a) MEETING AND
## HEARING ON CONFIRMATION OF CHAPTER 13 PLAN
## WITH COPY OF CHAPTER 13 PLAN

1. NOTICE IS HEREBY GIVEN to all creditors and other interested parties that on the above date and time and in the indicated courtroom, debtor(s) will seek court approval of the attached Chapter 13 plan.

2. **Section 341(a) Meeting Location:**
   ☐ 725 South Figueroa Street, Lobby Level, Los Angeles        ☒ 411 West Fourth Street, Room 1-154, Santa Ana
   ☐ 21051 Warner Center Lane, Suite 115, Woodland Hills        ☐ 128 East Carrillo Street, Santa Barbara
   ☐ 3420 Twelfth Street, Riverside

3. **Chapter 13 Plan Confirmation Hearing Location:**
   ☐ 255 East Temple Street, Los Angeles                        ☒ 411 West Fourth Street, Santa Ana
   ☐ 21041 Burbank Boulevard, Woodland Hills                    ☐ 1415 State Street, Santa Barbara
   ☐ 3420 Twelfth Street, Riverside

4. **OBJECTIONS TO PLAN:** If you wish to object to the confirmation of the Chapter 13 plan, you must file a written objection with the Bankruptcy Court and serve a copy of it upon the debtor(s), the attorney for the debtor(s), and the Chapter 13 trustee before the deadline set forth above. Unless you timely file a written objection to the plan and appear at the confirmation hearing, the Court may treat your failure to do so as a waiver of your right to object to the plan, and may approve the plan.

5. **APPEARANCE BY DEBTOR(S) AND THE ATTORNEY FOR THE DEBTOR(S) IS REQUIRED AT BOTH THE SECTION 341(a) MEETING AND THE CONFIRMATION HEARING.** If the Chapter 13 trustee finds at the Section 341(a) meeting that the case is ready for confirmation, the trustee may, but is not required to, stipulate that the debtors and counsel are excused from appearance at the confirmation hearing (if the assigned judge permits the trustee to waive appearances). If the Chapter 13 trustee finds at the Section 341(a) meeting that the case is NOT ready for confirmation, the trustee may, but is not required to, continue the Section 341(a) meeting and/or the confirmation hearing to a later date. **Unexcused failure by the debtor(s) to appear at either the Section 341(a) meeting or the confirmation hearing may result in dismissal of the case. The dismissal order may include a prohibition on filing any other bankruptcy case for a period of 180 days pursuant to 11 U.S.C. § 109(g).**

Dated:    April 13, 2009

/s/  Aron Stark
*Signature of Debtor(s) or Attorney for Debtor(s)*
**Aron Stark, Attorney at Law**
*Print Law Firm Name (if applicable)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2002*
Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

**F 3015-1.2**
Best Case Bankruptcy

8:09-bk-12856

| | |
|---|---|
| Name | **Aron Stark** |
| Address | **Aron Stark, Attorney at Law** |
| | **444 West Ocean Blvd.** |
| | **Suite 800** |
| | **Long Beach, CA 90802** |
| Telephone | **562-495-7906**    (FAX)    **562-495-7907** |

■ Attorney for Debtor
State Bar No.  **231840**

☐ Debtor(s) in Pro Se    (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years: | Chapter 13 Case No. |
|---|---|
| **Christopher Joshua Sideris**<br><br>**Christy Gloria Clemens**<br>   **AKA Christy G Sideris** | **CHAPTER 13 PLAN**<br><br>**CREDITORS MEETING:**<br>**Date:**<br>**Time:**<br>**Place:**<br>**CONFIRMATION HEARING:**<br>**Date:**<br>**Time:**<br>**Place:** |

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 8 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 2006*                                                                                           **F3015-1.1**
Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                      Best Case Bankruptcy

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I.   **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

A.   Payments by Debtor of **$600.00** per month for **60** months.  This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B.   The base plan amount is $ **36,000.00**  which is estimated to pay **11** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C.   Amounts necessary for the payment of post-petition claims allowed under 11 U.S.C. § 1305.

D.   Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate  protection payments or preconfirmation lease payments.

E.   Other property:  (specify property or indicate none)
**NONE**

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 2006*

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

**F3015-1.1**

Best Case Bankruptcy

8:09-bk-12856

## II.  ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:

Except as otherwise provided in the plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A.  ORDER OF PAYMENTS:

1.  If there are Domestic Support Obligations, the order of priority shall be:

(a)  Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

(b)  Administrative expenses (Class 1(a)) in an amount not exceeding _____% of each Plan Payment until paid in full;

2.  If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding _11_% of each Plan Payment until paid in full.

3.  Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4.  Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5.  No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 2006*
Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

**F3015-1.1**
Best Case Bankruptcy

B.    CLASSIFICATION AND TREATMENT OF CLAIMS:

8:09-bk-12856

| CLASS 1 | | | | | |
|---|---|---|---|---|---|
| **ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507** | | | | | |
| The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4). | | | | | |
| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| a.    Administrative Expenses | | | | | |
| (1)    Chapter 13 Trustee's Fee – estimated at **11%** of all payments to be made to all classes through this Plan. | | | | | |
| (2)    Attorney's Fees | $1,726.00 | | $431.50 | 4 | $1,726.00 |
| (3)    Chapter 7 Trustee's Fees | | | | | |
| (4)    Other | $274.00 | | $68.50 | 4 | $274.00 |
| b.    Other Priority Claims | | | | | |
| (1)    Internal Revenue Service | | | | | |
| **US Treasury** | $6,820.00 | 0% | $272.80 | 25 | $6,820.00 |
| **US Treasury** | $1,396.00 | 0% | $55.84 | 25 | $1,396.00 |
| (2)    Franchise Tax Board | | | | | |
| **CA Franchise Tax Board** | $1,774.00 | 0% | $70.96 | 25 | $1,774.00 |
| **CA Franchise Tax Board** | $2,676.00 | 0% | $107.04 | 25 | $2,676.00 |
| (3)    Domestic Support Obligation | | | | | |
| (4)    Other | | | | | |
| c.    Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name): | | | | | |
| | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 2006*

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

**F3015-1.1**

Best Case Bankruptcy

2006 USBC, Central District of California

## CLASS 2

8:09-bk-12856

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE
### ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1. ☐    The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐    The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

_____                    _____
            (name of creditor)                                        (last 4 digits of account number)

_____                    _____
            (name of creditor)                                        (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL
### DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | |
| | | | | | | | |

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1.  ☐    The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2.  ☐    The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____                    _____
(name of creditor)                                  (last 4 digits of account number)

_____                    _____
(name of creditor)                                  (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

Debtor estimates that non-priority unsecured claims total the sum of  __$168,496.00__ .
Class 5 claims will be paid as follows:

(Check one box only.)

■        Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐        Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III.    COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $__0.00__  which is estimated to pay __0__ % of the scheduled nonpriority unsecured debt.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

## IV.  PLAN ANALYSIS

8:09-bk-12856

| | |
|---|---:|
| CLASS 1a | $2,000.00 |
| CLASS 1b | $12,666.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $0.00 |
| CLASS 3 | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5 | $17,766.40 |
| SUB-TOTAL | $32,432.40 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated  11% unless advised otherwise) | $3,567.60 |
| TOTAL PAYMENT | $36,000.00 |

## V.   OTHER PROVISIONS

A.  The Debtor rejects the following executory contracts and unexpired leases.

   **Name of Other Party:**                    **Description of contract/lease:**
   -NONE-

B.  The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):

   **Name of Other Party:**                    **Description of contract/lease:**
   Toyota Financial Services                  Auto lease.  Leaseholder.
   Wells Fargo Auto Finance                   Auto lease.  Leaseholder.

C.  In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:

   **Creditor Name:**                         **Monthly Payment:**
   -NONE-

D.  The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)

   **Creditor Name:**                         **Description:**
   -NONE-

E.  The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F.  Miscellaneous provisions: (Use Attachment, if necessary)

G.  The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H.  The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I.  The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

8:09-bk-12856

## VI.    REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated:    **March 25, 2009**

**/s/ Aron Stark**

**Aron Stark**
**231840**
Attorney for Debtor(s)

**/s/ Christopher Joshua Sideris**

**Christopher Joshua Sideris**
Debtor

**/s/ Christy Gloria Clemens**

**Christy Gloria Clemens**
Joint Debtor

*Revised November 2006*
Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

**F3015-1.1**

Best Case Bankruptcy

| In re: | CHAPTER: |
|---|---|
| Debtor(s). | CASE NUMBER: |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:


A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:


**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:


☐  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.


☐  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.


☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


| _____ | _____ | /s/ Kathryn Jump |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re: | CHAPTER: |
| | |
| Debtor(s). | CASE NUMBER: |

**ADDITIONAL SERVICE INFORMATION (if needed):**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                      **F 9013-3.1**

Label Matrix for local noticing
0973-8
Case 8:09-bk-12856-RK
Central District Of California
Santa Ana
Mon Apr 13 20:41:10 PDT 2009

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

Alliance One
4850 Street Rd.
Suite 300
Feasterville Trevose, PA 19053-6643

Bank of America
4060 Ogletown/Stan
Newark, DE 19713

CA Coast Credit Union
9201 Spectrum Center
San Diego, CA 92123-1407

CA Coast Credit Union
PO Box 502080
San Diego, CA 92150-2080

CA Franchise Tax Board
PO Box 942857
Sacramento, CA 94257-0001

Cap One
PO Box 30281
Salt Lake City, UT 84130-0281

Chase
800 Brooksedge Blvd
Westerville, OH 43081-2822

Cit Bank/Dfs
One Dell Way
Round Rock, TX 78682-7000

Citifinancial
PO Box 22065
Tempe, AZ 85285-2065

Cms-Cardworks
PO Box 9201
Old Bethpage, NY 11804-9001

Credit One Bank
PO Box 98872
Las Vegas, NV 89193-8872

Hsbc/Bstby
PO Box 15521
Wilmington, DE 19850-5521

Nationwide Credit, Inc.
2015 Vaughn Road NW
Suite 400
Kennesaw, GA 30144-7802

Nordstromfsb
PO Box 13589
Scottsdale, AZ 85267-3589

Orangeco Cu
401 Civic Ctr Dr W
Santa Ana, CA 92701-4515

Presidio/Cm
101 Crossway Park West
Woodberry, NY 11797-2020

Sunrise Credit Services, Inc.
260 Airport Plaza
PO Box 9100
Farmingdale, NY 11735-9100

Timothy J. Silverman, Esq.
Solomon, Grindle, Silverman, Spinel
12651 High Bluff Drive
Suite 300
San Diego, CA 92130-2023

(p)TOYOTA MOTOR CREDIT CORPORATION
PO BOX 8026
CEDAR RAPIDS IA 52408-8026

Toyota Motor Credit
19001 S. Western Ave.
Torrance, CA 90501-1196

US Treasury
IRS Central Insolvency Operation
PO Box 21126
Philadelphia, PA 19114-0326

United States Trustee (SA)
411 W Fourth St., Suite 9041
Santa Ana, CA 92701-8000

Washmtl/Prov
PO Box 9180
Pleasanton, CA 94566-9180

Wells Fargo Auto Finance
PO Box 60966
Los Angeles, CA 90060-0966

Wells Fargo Bank
PO Box 9012
Walnut Creek, CA 94598-0912

Wff Cards
3201 North 4th Ave
Sioux Falls, SD 57104-0700

Amrane Cohen
770 The City Dr So Ste #3300
Orange, CA 92868-6922

Aron Stark
444 W Ocean Blvd Ste 800
Long Beach, CA 90802-4529

Christopher Joshua Sideris
16302 Howland Lane
Huntington Beach, CA 92647-4012

Christy Gloria Clemens
16302 Howland Lane
Huntington Beach, CA 92647-4012

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Toyota Financial Services
PO Box 60116
City Of Industry, CA 91716

End of Label Matrix
Mailable recipients    31
Bypassed recipients     0
Total                  31